Judge Grimke
stated the case, and delivered the opinion of the court:
This was an action of debt on a judgment rendered in court in New York, in the year 1826. The suit in which this judgment was obtained, was founded upon a promissory note made in the state where both the parties were resident at the time. The defendant was arrested upon execution on this judgment, and obtained his discharge under the insolvent law of that state, on making an assignment of his property. These laws wore passed, the one April 12, 1813, and the other in the year 1828. The latter, however, is merely auxiliary to the former, prescribing certain' formalities which shall be observed by any one who makes application to be relieved under the provision of the former. These laws undertake to discharge, not merely the person of the debtor, but the debt itself. And the single question which it is of moment to decide is, whether such discharge can be pleaded in the courts of Ohio to an action on the judgment. This was once a very difficult and a much litigated question, but it has been finally settled by repeated adjudications of the Supreme Court of the United States. In St urges v. Crowningshield, 4 Wheat., it wa's decided that a law passed after the debt was contracted was unconstitutional. In McMillen v. McNeil, at the same term, the law was enacted prior to the making of the contract, and it was said by the chief justice, that he did not consider that that circumstance made any difference. In that ease, however, the debt was contracted in South Carolina, and the discharge was obtaiued in Louisiana, and,there *463 fore, the defense could not, for that reason alone, be regarded as a valid one. Indeed, it is difficult to conceive how it can be competent for Congress to pass a law impairing the obligation of' contracts, and yet unlawful for the states to do-so, notwithstanding the prohibition in the constitution extends only to the latter. In Ogdon v. Saunders, 12 Wheat. 213, the law under which the defendant obtained his discharge, was prospective in its operation, *and it was then finally decided that the power of Congress to establish a uniform bankrupt law, does not exclude the right of the slates to legislate on the same subject, except when the former is actually exercised by Congress,, and the state laws conflict with those of Congress. It was further decided that a bankrupt or insolvent law of a state, which discharges both the person of the debtor and his future acquisitions of property is not a law impairing the obligation of contracts. And although repeated attempts have been made to shake this decision, yet it has been reaffirmed as often as it has been questioned; the chief justice, in Boyle v. Zacharie, 6 Peters, 348, 635, declaring that the principles settled in Ogden v. Saunders are no longer to be questioned or considered open for controversy. The only limitation to the effect of a discharge now is, that it can not be pleaded in bar of an action brought by a citizen of another state in the federal court, or by a citizen of any other state than that where the discharge was obtained. In Smith v. Parsons, 1 Ohio, 236, the question was settled in our own courts. It was there decided that a discharge under a law of the state where the notes on which the suit was brought were made, was a good defense to an action in the courts of Ohio. This important question, therefore, may now be considered as finally closed. Insolvent laws constitute a pai*fc of the law of the contract, and where a discharge has been obtained in the state where the contract was to be performed, it is a complete bar to any subsequent suit.